UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR KYLE HEGLIN-HERNANDEZ,

    Defendant.

CASE NO. CR19-186 RSL

**ORDER REVOKING APPEARANCE BOND AND DETAINING DEFENDANT**

The Court issued a release order and appearance bond in September 2019. Dkt. 12. Since his release, Defendant has had a rocky period of pretrial supervision. He has struggled with substance abuse. By December 2020, Defendant had violated his conditions of release by using controlled substances. Defendant again violated his conditions of release multiple times in 2020 by using controlled substances. In May 2021, the pretrial office filed a petition alleging numerous violations including failing to participate in substance abuse treatment, deviating from the location monitoring program limits. Due to a continuing pattern of alleged violations supplemental petitions were filed and ultimately a request that Defendant be arrested.

On May 28, 2021 Defendant appeared before the Court and denied all allegations. The government and pretrial office recommended detention and the defense requested release. The Court granted release but advised Defendant the Court would take a zero-tolerance stance and that any further failures to meet the conditions of release would result in revocation. In June

ORDER REVOKING APPEARANCE BOND - 1

2021, the pretrial office filed another violation report alleging Defendant violated conditions of release. The parties appeared on June 22, 2021, and after hearing argument from counsel, considering the pretrial office's recommendation and hearing from Defendant and his girlfriend the Court revoked the appearance bond. For these reasons, the Court ORDERS:

1. The appearance bond and release order, Dkt. 12, is revoked;

2. The Court advised Defendant he must self-surrender himself at the Seattle Federal Courthouse today by 4:00 pm;

3. Defendant shall be detained pending his sentencing hearing and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

4. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

5. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

6. The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 22st day of June 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge